JOHN L. BURRIS, Esq., SBN 69888
BEN NISENBAUM, Esq., SBN 222173
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882
John.burris@johnburrislaw.com
bnisenbaum@gmail.com

ATTORNEYS FOR PLAINTIFF
JANE DOE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>CITY OF PORTERVILLE; WAYNE MARTIN, sued herein in both his individual and official capacities; CHIEF OF POLICE ERIC KROUTIL, sued herein in his official capacity; and DOES 1-200, individually, jointly, and severally.<br><br>　　　　Defendants. | **COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

This case arises out of the sexual abuse of Plaintiff JANE DOE by Defendant Porterville Police Officer WAYNE MARTIN. The two met while Plaintiff was a minor and was a member of the Porterville Police Department Explorer's Program. Defendant MARTIN was Sergeant, head advisor of the Explorer Program and Porterville Police Officer of the Year. Defendant used his position of entrusted authority and advisor to take advantage of Plaintiff to satisfy his own prurient sexual interest despite his duty-bound oath to help her and uphold the law.

COMPLAINT FOR DAMAGES

1

As a result of this illegal and despicable police misconduct Tulare County District Attorney Tim Ward filed criminal charges against then-current law enforcement officer Wayne Martin. Officer Wayne Martin had multiple sexual contacts with Plaintiff while she was a minor.

The Porterville Police Department, failed to properly supervise its officers, failed to provide adequate training on identifying victims of sexual exploitation and abuse, and failed to put in place adequate policy and training on social media use. Furthermore, this officer, his supervisors, including high-ranking supervisors, internal investigators, and the Chief of Police, Defendant KROUTIL stood by with a blind eye, or acted to cover up this modern-day sexual and emotional exploitation of Plaintiff by their own sworn officer. These acts constitute unlawful sexual contact, coercion, and manipulation of a minor and have caused Plaintiff to suffer unimaginable abuse, pain, and suffering that she and her family will endure for the rest of her life.

## II. JURISDICTION

1. This Court has jurisdiction over this lawsuit because the suit arises under 42 U.S.C. § 1983 and asserts facts showing that Defendants, and each of them, acted willfully, deliberately and pursuant to a policy, custom and practice, and with reckless disregard of Plaintiff's established Federal Constitutional rights.

## III. VENUE

2. Venue is proper in this district under 28 U.S.C. § 1391 (b) (1) because Defendants reside in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because the events, acts and omissions giving rise to this claim occurred in this district.

## IV. PARTIES

3. At all times herein mentioned, PLAINTIFF JANE DOE ("PLAINTIFF"), fictiously-named, was and is a United States citizen and resident of the State of California. Plaintiff JANE

COMPLAINT FOR DAMAGES

2

DOE was a minor, under the age of 18, employed by Defendant CITY OF PORTERVILLE as Porterville Police Department Explorer, at all relevant time periods described herein.

4. At all times herein mentioned, DEFENDANT CITY OF PORTERVILLE ("CITY") is a municipal corporation, organized and existing under and by virtue of the laws of the State of California and, which at all times operated, managed, maintained, supervised, and controlled the PORTERVILLE POLICE DEPARTMENT ("PPD"), including its "Explorer" program, which recruited kids in high school interested in careers in law enforcement. Defendant CITY is liable under principles of *respondeat superior* to plaintiff on all causes of action except Plaintiff's First Cause of Action (14th Amendment cause of action for violation of her right to bodily integrity against Defendant MARTIN), and is directly liable to Defendant on Plaintiff's Second Cause of Action (14th Amendment- *Monell* liability)

5. At all times herein mentioned, DEFENDANT CHIEF OF POLICE ERIC KROUTIL ("ERIC KROUTIL") was the CITY OF PORTERVILLE CHIEF OF POLICE, empowered with final decision-making authority for any and all decisions, herein relevant, including but not limited to hiring, training, supervising, and disciplining police officers.

6. At all times herein mentioned, DEFENDANT WAYNE MARTIN ("DEFENDANT MARTIN") was a police officer for the CITY OF PORTERVILLE, hired, trained, and supervised by Defendant CHIEF OF POLICE ERIC KROUTIL. Defendant MARTIN directly supervised the "Explorer" program, of which Plaintiff was a member.

7. At all times herein mentioned, DEFENDANTS MARTIN and CHIEF OF POLICE ERIC KROUTIL acted under color of state law and within the course and scope of their employment with the CITY and PPD.

8. DEFENDANT MARTIN is being sued herein in both his individual and official capacities.

9. DEFENDANT CHIEF OF POLICE ERIC KROUTIL is being sued herein in his official capacity.

## V. DOE DEFENDANTS

10. Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise of DEFENDANTS DOES 1 through 200 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend her complaint to allege their true names and capacities when this has been ascertained.

## VI. STATEMENT OF FACTS

11. At all relevant times before September 2018, DEFENDANT WAYNE MARTIN was a Sergeant with DEFENDANT CITY OF PORTERVILLE as a Sergeant and a sworn Peace Officer. Furthermore, DEFENDANT WAYNE MARTIN was also the head of the Porterville Police Department Explorer's Program and was named Porterville Police Officer of the Year.

12. At all relevant times during February 2018, Defendant MARTIN used his position as the head of the Explorer's program to inappropriately gain influence over then-minor Plaintiff.

13. Within one month of Plaintiff joining the Explorer's Program, Defendant MARTIN immediately exhibited classic indicators of "grooming" behavior, including but not limited to: singling Plaintiff out for special treatment amongst the Explorers, communicating with her extensively privately via texting applications, bringing her alone on ride-alongs (while on official duty), speaking to her relentlessly about his failing marriage and meeting with Plaintiff alone in his off-duty vehicle in a secluded area.

14. On several occasions, Defendant MARTIN engaged in sexual conduct with then-minor Plaintiff while on duty.

15. At all relevant times between February and September of 2018, Defendant MARTIN knew that Plaintiff was only 17 years old.

COMPLAINT FOR DAMAGES

16. Over the course of their communication in-person and over text messages, Plaintiff informed Defendant MARTIN of her daily activities, including but not limited to: her course load at school, her hopes and dreams once she graduated from high school as well as her relationship with her family.

17. At all relevant times during the course of this unlawful sexual relationship, Defendant MARTIN showed willful and deliberate indifference to then minor Plaintiff's expressed concerns that she was in high school and a minor child. Defendant MARTIN even expressed jealousy and outrage at Plaintiff when he believed that she was talking to boys her own age. Defendant MARTIN's response of willful and deliberate indifference reflected his prior knowledge that the entire time, during the course of this unlawful sexual relationship, he knew that she was a minor, and Plaintiff communicated her daily high school student academic and extracurricular activities (clearly indicating that she was a minor child). Moreover, Defendant MARTIN continued to engage in unlawful sexual conduct with Plaintiff while being aware of her status as a minor.

18. Defendant MARTIN had multiple sexual encounters with Plaintiff while she was a minor. As a peace officer, Defendant MARTIN was obligated under California Penal Code 236.2 to make certain inquiries regarding Plaintiff's well-being. Instead of protecting Plaintiff from sexual exploitation, Defendant MARTIN continued to sexually exploit the minor Plaintiff himself. Defendant Martin continued to sexually exploit and molest Plaintiff until September 2018, when he was caught in an act of molestation by a Tulare County Sheriff's Department Deputy and arrested. Only the intervention of a non-Porterville Police Department law enforcement agency stopped Defendant MARTIN's ongoing molestation of Plaintiff.

19. Defendant MARTIN, at all times herein relevant, was a sworn police officer for Defendant CITY. As a sworn deputy, DEFENDANT MARTIN had a mandatory obligation to report child abuse. CANRA stands for the Child Abuse and Neglect Reporting Act, and can be found in sections

11164-11174.3 of the California Penal Code. CANRA is a set of laws that was passed in 1980 to provide definitions and procedures for mandated reporting of child abuse. Child sexual abuse (PC 11165.1) includes sexual assault or sexual exploitation of anyone under the age of 18. Sexual assault includes sex acts with children, intentional masturbation in the presence of children, and child molestation.

20. Though everyone should report child abuse, a number of professionals must report abuse or be held liable by law. Those required to do so are listed in California Penal Code section 11165.7, which includes peace officers. Defendant MARTIN, at all times herein relevant, was a peace officer and had an affirmative duty to report child abuse, including the abuse inflicted by him as well as by others. Had Defendant MARTIN been properly trained on meeting Plaintiff, Defendant MARTIN would have taken steps pursuant to California Penal Code 236.2 to determine that his behavior on the Plaintiff was one of sexual assault and child molestation and would have made the reports mandated by CANRA. Plaintiff told Defendant MARTIN that she was a minor, providing Defendant MARTIN with not only actual knowledge but also corroborative facts leading to a reasonable suspicion of the truth of Plaintiff's statement and admission of being a victim of child sexual abuse.

21. Defendant CHIEF OF POLICE ERIC KROUTIL failed to conduct any training, and specifically "in person training" and failed to supervise Defendant MARTIN regarding Penal Code section 11166 (a), which sets forth the current meaning of "reasonable suspicion" as: "It is objectively reasonable for a person to entertain a suspicion, based upon facts that could cause a reasonable person in a like position, drawing, when appropriate, on his or her training and experience, to suspect child abuse or neglect." When a mandated reporter knows, or sees, a child whom he /she knows or reasonably suspects has been the victim of child abuse or neglect, he/she is to report immediately (or as soon as practically possible) by telephone; within 36 hours of the telephonic report, the mandated reporter must fax or email a written follow-up report.

22. DEFENDANT CHIEF OF POLICE ERIC KROUTIL, as the final decision maker of PPD, was ultimately responsible for hiring, training, and supervising DEFENDANT MARTIN, and the explorers program. DEFENDANT CHIEF OF POLICE ERIC KROUTIL's obligation as a supervisor is to ensure that his officers, such as DEFENDANT MARTIN, are trained in the enforcement of the Laws of the State of California, including the California Penal Code provisions pertaining to child abuse and child molestation.

23. DEFENDANT MARTIN's conduct violated Penal Code section 11165.1 defining "sexual abuse," "sexual assault,". Mandatory Reporters, such as DEFENDANT MARTIN, in reporting suspicion of abuse is similar to making a 911 call when one observes an auto accident where people might be hurt: While the Mandatory Reporter is not required to engage in verifying that there is an actual injury, the Mandatory Reporter is clearly giving notice to the appropriate investigators that there may be an actual injury that warrants investigation and detection by the experts. DEFENDANT MARTIN failed to report Plaintiff was engaging in sexual activities with an adult law enforcement officer.

24. DEFENDANT MARTIN was aware of the illegality of his conduct and his obligation to report the sexual abuse of Plaintiff but showed a deliberate indifference to the very laws he was sworn to uphold, reflecting Defendant KROUTIL's deliberate indifference in hiring, training, and supervising DEFENDANT MARTIN. DEFENDANT CHIEF OF POLICE ERIC KROUTIL at all relevant time was acting under color of state law.

25. On or about September 18, 2018, the Tulare County District Attorney filed a three-count criminal complaint against Sergeant Martin for violating Penal Code 288.4(b) – Meeting a Minor for Lewd Purposes, a Felony.

COMPLAINT FOR DAMAGES

26. At all times herein relevant, Defendant MARTIN was employed by CITY OF PORTERVILLE and acting under color of state law. At all times relevant he was a peace officer obligated to protect victims of sexual exploitation and child molestation.

27. DEFENDANTS, and each of them knew, or should have known, that minors like Plaintiff, participating as high school students in the Porterville Police Department Explorer's Program are vulnerable and susceptible to coercion by law enforcement, who use their authority to exploit women like minor Plaintiff.

28. DEFENDANT CHIEF OF POLICE ERIC KROUTIL and DEFENDANT CITY OF PORTERVILLE maintained a policy of inaction pertaining to training and supervising the police officers; and lacked a policy or procedure to protect minors like Plaintiff from officers like Defendant MARTIN who exploited minor Plaintiff.

29. Defendant MARTIN knew that his willful and intentional conduct violated several Laws of the State of California, including, but not limited to the following: Penal Code Section 288.4(b), meeting a Minor for Lewd Purposes, a felony; Civil Code section 1708.5 providing: "(a) A person commits a sexual battery who does any of the following: (1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results"; Penal Code 647.6. "(a) (1) Every person who annoys or molests any child under 18 years of age shall be punished by a fine not exceeding five thousand dollars ($5,000), by imprisonment in a county jail not exceeding one year, or by both the fine and imprisonment. (2) Every person who, motivated by an unnatural or abnormal sexual interest in children, engages in conduct with an adult whom he or she believes to be a child under 18 years of age, which conduct, if directed toward a child under 18 years of age, would be a violation of this section, shall be punished by a fine not exceeding five thousand dollars ($5,000), by imprisonment in a county jail for up to one year, or by both that fine and imprisonment.

COMPLAINT FOR DAMAGES

# DAMAGES
## A. ECONOMIC

30. Plaintiff has incurred extensive economic damages, including medical bills, lost earning potential, medical monitoring and other economic harm, damages, and losses.

## B. NON-ECONOMIC

31. Plaintiff has suffered and continues to suffer pain, anxiety, depression, mental distress, and emotional distress, loss of enjoyment of life, humiliation, fear, inconvenience, and misery. Additionally, Plaintiff has been clinically assessed with having many strong negative thoughts about herself and also suffers disorder Depression, unspecified depression type Anxiety PTSD (post-traumatic stress disorder), unspecified eating disorder and a physical Acute Stress Reaction to her face, that are causally related to her experiences of being sexually exploited by Defendant MARTIN. Plaintiff's feeling of constantly being on edge, restlessness and paranoia were not present prior to her sexual exploitation by Defendant MARTIN.

## FEDERAL CLAIMS
### FIRST CAUSE OF ACTION
### AGAINST DEFENDANT MARTIN
### (42 U.S.C. 1983 Violation of Fourteenth Amendment)

32. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

33. The aforementioned actions of DEFENDANT MARTIN constitute a violation of Plaintiff's substantive due process rights, including the right to "Liberty", guaranteed by the Fourteenth Amendment of the U.S. Constitution by violating Plaintiff's bodily integrity and thus entitle Plaintiff to recover damages pursuant to 42 U.S.C 1983.

34. DEFENDANT MARTIN knew that Plaintiff was a minor who was susceptible to being manipulated and sexually exploited. A reasonably prudent and properly trained police officer, having met Plaintiff, would have provided support or resources to Plaintiff. The fact that

DEFENDANT MARTIN decided to mentally, emotionally, and sexually exploit the young and vulnerable Plaintiff is evidence of a total lack of training.

35. As a minor, Plaintiff was unable to consent to DEFENDANT MARTIN's demands for sexual contact. As such, any sexual contact with Plaintiff was an intentional sexual battery against Plaintiff, perpetrated by DEFENDANT MARTIN while acting under color of state law.

36. DEFENDANT MARTIN used his status as a police officer, acting under color of state law, to extract sexual favors from Plaintiff while she was a minor, thereby utilizing his position as a police officer to compel Plaintiff to perform sexual acts in violation of her Constitutional rights.

37. DEFENDANT MARTIN'S actions evidenced a reckless and callous disregard, and deliberate indifference to Plaintiff's constitutional rights. DEFENDANT'S illegal conduct caused, and continues to cause, Plaintiff economic and non-economic damages, including mental and emotional distress.

38. DEFENDANT MARTIN'S conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety, and health of Plaintiff. The individual DEFENDANT'S conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as herein below set forth

## SECOND CAUSE OF ACTION
**AGAINST DEFENDANT CITY AND CHIEF OF POLICE ERIC KROUTIL**
(Section 1983 *Monell* Violation)

39. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

40. The aforesaid conduct by DEFENDANT MARTIN and the injuries to Plaintiff were the result of deliberate indifference to the safety, constitutional rights and risks of injury, losses, and harms to minors, including Plaintiff, by DEFENDANT CITY, CHIEF OF POLICE ERIC

KROUTIL in his hiring, training, and retention of DEFENDANT MARTIN. The Child Abuse and Neglect Reporting Act ("CANRA"), Amended Effective September 9, 2013, are well-established laws for the protection of children.

41. The California Child Abuse and Neglect Reporting Act ("CANRA," Penal Code sections 11164-11174.4) requires certain professionals, known as mandated reporters, to report known or suspected instances of child abuse or neglect to law enforcement. California mandated reporting laws were first enacted in 1963. The primary purpose for these reporting laws is protection of the child. Penal Code Section 11165 states: "Persons reporting incidents of child abuse are immune from civil or criminal prosecution (Penal Code Section 11172). Failure to report child abuse is a misdemeanor and punishable by up to six (6) months in the county jail or a fine of not more than $1,000 or both."

42. DEFENDANT CITY AND CHIEF OF POLICE ERIC KROUTIL's acts and failure to act as DEFENDANT MARTIN's supervisor deprived the Plaintiff of her particular rights under the laws of the United States and the United States Constitution, including the Fourth Amendment Right of Privacy and the Fourteenth Amendment Right to Liberty. DEFENDANT CITY AND CHIEF OF POLICE ERIC KROUTIL disregarded the known or obvious consequence that a particular training deficiency in protecting children from sexual abuse and engaging in sexual relationships with children in the Porterville Police Department's Explorer Program, or omission to train would cause his subordinates, including DEFENDANT MARTIN to violate the Plaintiff's constitutional rights.

43. The training policies of the Defendant CITY OF PORTERVILLE'S POLICE DEPARTMENT were not adequate to prevent violations of law by its employees, and Defendant KROUTIL was aware of the deficiencies. According to news sources, several years ago a different Porterville Police officer was engaged in a romantic relationship with a minor from the Porterville Explorer Program, which resulted in their marriage. In spite of such knowledge, Defendant

COMPLAINT FOR DAMAGES

11

KROUTIL, in furtherance of a policy, practice, custom and pattern, failed to train his Porterville Police officers to handle the recurring situations of Porterville Police officers engaging in relationships with minors in the Porterville Police Explorer's program, such as Plaintiff, with whom they must interact.

44. DEFENDANT CITY and KROUTIL were deliberately indifferent to the substantial risk that its policies, practice, custom and pattern of inactions were inadequate to prevent violations of law by its police officers, such as the violations of law committed by PORTERVILLE POLICE DEPARTMENT SERGEANT DEFENDANT MARTIN against Plaintiff, then a minor. Further, DEFENDANT PORTERVILE POLICE DEPARTMENT CHIEF OF POLICE ERIC KROUTIL was deliberately indifferent to the known or obvious consequences of his failure to adequately train his police officers, including SERGEANT DEFENDANT MARTIN. Further, Defendant KROUTIL, with deliberate indifference, failed to reasonably supervise Defendant MARTIN in his role the supervisor of the Explorer's program, which permitted Defendant MARTIN the circumstances in which to groom Plaintiff as his victim, to be alone with her for extended periods of time, to improperly exercise his influence over her for the purposes of satisfying Defendant MARTIN's prurient interests in her.

45. DEFENDANT MARTIN knew that Plaintiff was a minor during the time he was having sexual relations with her. As a sworn peace officer, it was his duty to uphold the laws of the City of Porterville, the state of California, and the United States. Had he been properly trained, he would have realized that it was illegal for him to have sexual relations with Plaintiff. Had he been properly trained, he would have verified her age prior to engaging in sexual relations with her, given her apparent youth. Had he been properly trained he would have made an inquiry into her well-being and would have made the proper reporting under CANRA. Had he been properly trained, on learning that she engaged in under age sexual acts, he would have made the mandatory reporting as required by the California Penal Code.

COMPLAINT FOR DAMAGES

46.  DEFENDANT CHIEF OF POLICE ERIC KROUTIL's failure to train DEFENDANT MARTIN regarding DEFENDANT MARTIN's duty under Penal Code section 288a(b)(1) and Child Abuse and Neglect Reporting Act ("CANRA") amounted to deliberate indifference, because a reasonable supervisor in DEFENDANT CHIEF OF POLIFE ERIC KROUTIL's position would have realized that failing to adequately train and supervise an officer in his duties under Penal Code section 288a(b)(1) and CANRA would likely result in a constitutional violation such as occurred here.

47.  By failing to properly train DEFENDANT MARTIN, DEFENDANT CHIEF OF POLICE ERIC KROUTIL allowed MARTIN to operate among the population with a gun and a badge but with no understanding of the damaging impact sexual exploitation has on minors. Accordingly, DEFENDANT CHIEF OF POLICE ERIC KROUTIL's failure to train DEFENDANT MARTIN was a substantial factor in causing DEFENDANT MARTIN to violate Plaintiff's constitutional rights by engaging in sexual behavior with a minor.

48.  Further, Plaintiff alleges that based on the sexual relationship being cultivated while DEFENDANT MARTIN was in police uniform, directly supervising Plaintiff, DEFENDANT CITY, through members of PPD chain of command, including but not limited to DEFENDANT CHIEF OF POLICE ERIC KROUTIL, knew, or should have known about DEFENDANT MARTIN's improper and illegal conduct prior to public revelations regarding DEFENDANT MARTIN's conduct that followed the announcements of criminal charges by the Tulare County District Attorney.

49.  Despite this prior knowledge, neither DEFENDANT CITY nor DEFENDANT CHIEF OF POLICE ERIC KROUTIL took an action to investigate DEFENDANT MARTIN's conduct prior to his arrest.  Based on Plaintiff's status as a minor in the Porterville Police Department's Explorer Program, DEFENDANT CITY and DEFENDANT CHIEF OF POLICE ERIC KROUTIL knew or

should have known that their lack of action to stop DEFENDANT MARTIN would lead to continued violations of Plaintiff's constitutional rights.

50. Defendant KROUTIL, and other high-ranking Porterville Police Department supervisors knew, or should have known, about these abuses, and they failed to take meaningful preventive or remedial action. Said actions evidenced a reckless and callous disregard, and deliberate indifference to Plaintiff's constitutional rights. Defendants' illegal conduct caused, and continues to cause, Plaintiff economic and non-economic damages, including mental and emotional distress.

51. Defendants' conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of Plaintiff. The individual Defendants' conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as herein below set forth.

### THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (Negligence)

52. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

53. Defendants, and each of them, owed the following duties, among others, to Plaintiff:

   a. The duty to exercise reasonable care in performing their functions, duties and responsibilities as a municipality and head of the Porterville Police Department and supervisors of DEFENDANT MARTIN, including, but not limited to, the duty to exercise reasonable care in the management, supervision and operation of the Porterville Police Department and its affiliated Porterville Police Department Explorer Program led by DEFENDANT MARTIN.

   b. The duty to exercise reasonable care in performing their functions, duties and responsibilities as employers of DEFENDANT MARTIN and DOES 1 through

COMPLAINT FOR DAMAGES

        200, including, but not limited to, the duty to exercise reasonable care in the screening, hiring, employment, training, supervision, monitoring, controlling and disciplining of such employees.

    c. The duty to exercise reasonable care to protect then-minor Plaintiff from injury.

WHEREFORE, Plaintiff prays for judgment as herein below set forth.

**<u>FOURTH CAUSE OF ACTION</u>**
**<u>AGAINST DEFENDANT MARTIN</u>**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

54. Plaintiffs incorporate herein by reference the allegations contained in the Paragraphs above as though fully set for therein.

55. California case law allows a plaintiff to recover damages for intentional infliction of emotional distress if he or she suffers severe emotional injury caused by the Defendant's outrageous conduct with the intent to cause, or with reckless disregard of the probability of causing, emotional distress.

56. Plaintiff is informed and believes, and thereon alleges, that the actions of DEFENDANT MARTIN were intentional, extreme, and outrageous. Plaintiff is further informed and believes, and thereon alleges, that such actions were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing Plaintiff serious emotional distress.

57. As a direct and proximate result of the actions of Defendants, Plaintiff suffered severe emotional distress, which has caused Plaintiff to sustain severe injuries to her person, all to her damage in a sum to be shown according to proof and within the jurisdiction of this court.

58. As a direct, legal and proximate result of the aforesaid tortious conduct of Defendants, all to Plaintiff's damage in a sum to be shown according to proof.

COMPLAINT FOR DAMAGES

Wherefore Plaintiffs pray for judgment as set forth below.

## FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT MARTIN
### (Assault and Battery – Violation of California Penal Code § 242 )

59. Plaintiffs incorporate herein by reference the allegations contained in the Paragraphs above as though fully set for therein.

60. DEFENDANT SERGEANT PORTERVILLE POLICE OFFICER MARTIN while working as a police officer for the CITY OF PORTERVILLE, and acting within the scope of his duties, intentionally engaged in offensive physical contact with then-minor Plaintiff.

61. As a result of the actions of the Defendant, Plaintiff suffered physical and mental injuries. The Defendant Officer did not have legal justification for engaging in the offensive sexual contact then-minor Plaintiff.

62. As a direct and proximate result of Defendants' assault and battery of Plaintiff JANE DOE sustained injuries and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

### JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

### PRAYER FOR RELIEF

1. For economic and non-economic damages;
2. For prejudgment interest at the prevailing legal rate;
3. For costs of the suit including reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;
4. For Punitive Damages against DEFENDANT MARTIN.
5. For all statutory damages, penalties, and remedies.
6. For injunctive relief
7. For such other and further relief as the Court may deem proper.

///

16

COMPLAINT FOR DAMAGES

**LAW OFFICES OF JOHN L. BURRIS**

Dated: May 24, 2019   /s/*Benjamin Nisenbaum*
John L. Burris, Esq.
Benjamin Nisembaum, Esq.
Attorneys for Plaintiff, JANE DOE

COMPLAINT FOR DAMAGES